IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE NOLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number: |
| | ) | |
| TITLEMAX OF TEXAS, INC.; | ) | |
| MVCONNECT, LLC D/B/A MVTRAC; | ) | |
| ONE MORE RECOVERY LLC; | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S COMPLAINT**

Plaintiff Michelle Nolan, in the above-styled cause, hereby files her Complaint against the Defendants as follows:

**PARTIES**

1. The Plaintiff, Michelle Nolan formerly known as Michelle Tennyson, is a resident and citizen of the state of Texas, Hill County, and is over the age of twenty-one (21) years. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

2. The Defendant, TitleMax of Texas, Inc. ("TitleMax"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Texas in this district, and in Hill County, Texas, and is registered to do business in Texas. Defendant TitleMax is in the business of consumer automobile loans and regularly collects collateral and debts when it alleges the consumer has defaulted. Defendant TitleMax is a "debt collector" as defined by Tex. Fin, Code §

1

392.001(6). The debt at issue is a "consumer debt" as defined by Tex. Fin. Code § 392.001(6).

3. The Defendant, MVConnect, LLC d/b/a MVTrac ("MVTrac"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Texas in this district and in Hill County, Texas. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles in this district and is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6) and a debt collector as defined by Tex. Fin. Code § 392.001(6). Upon information and belief, Defendant MVTrac was attempting to collect a consumer debt as defined by the FDCPA and used instrumentality of interstate commerce or the mails in a business wherein the principal purpose of which is the enforcement of security interests. The debt at issue is a "consumer debt" as defined by Tex. Fin. Code § 392.001(6).

4. The Defendant, One More Recovery LLC ("One More Recovery") is a domestic entity and was, in all respects and at all times relevant herein, doing business in the state of Texas and in this district and in Hill County, Texas. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers in this district and is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6) and a debt collector as defined by Tex. Fin. Code § 392.001(6). Upon information and belief, Defendant One More Recovery was attempting to collect a consumer debt as defined by the FDCPA and used instrumentality of interstate commerce or the mails in a business wherein the principal purpose of which is the enforcement of security interests. The debt at issue is a "consumer debt" as defined by Tex. Fin. Code § 392.001(6).

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, and § 1367.

Venue is proper under 28 U.S. Code § 1391(b)(1) in that the Defendants transacted business here, are residents here for venue purposes, and are subject to personal jurisdiction in this district. In addition, Defendant One More Recovery has a principal place of business here. Venue is proper under 28 U.S. Code § 1391(b)(2) in that a substantial part of the events took place in that the Plaintiff's property was under Defendants' control here and the Plaintiff traveled here to redeem her property.

## FACTUAL ALLEGATIONS

### Defendants' Business Model

6. Upon information and belief, Defendant TitleMax contracts with Defendant MVTrac to recover consumer vehicles in which Defendant TitleMax claims a possessory interest.

7. Upon information and belief, this agreement states that Defendant MVTrac will provide services in the locating of the vehicle, the physical recovery of the vehicle, and the care of the vehicle post-recovery.

8. Defendant TitleMax pays Defendant MVTrac per recovery. This pay structure creates an incentive to recover as many vehicles as possible.

9. In turn, Defendant MVTrac contracts with local recovery entities to assist in the services it agreed to do on behalf of Defendant TitleMax.

10. Upon information and belief, Defendant MVTrac pays the local recovery entity per recovery. This pay structure creates an incentive to recover as many vehicles as possible.

11. Upon information and belief, Defendant TitleMax and Defendant MVTrac maintain control over the recovery process by requiring compliance from the local recovery entity with both Defendants' policies, procedures, insurance requirements, training, etc.

12. In this case, the local recovery entity is Defendant One More Recovery.

**Facts Specific to This Case**

13. In 2016, Defendant TitleMax obtained a security interest in a 2004 Dodge Ram (VIN: 1D7HA18D04S689583) ("the Vehicle") by financing a loan with a previous owner of the Vehicle. Defendant TitleMax recorded its lien/security interest on the Vehicle's title.

14. On or about April 24, 2020, the loan was paid off/satisfied in full and Defendant TitleMax released its lien. This release was recorded on the title.

15. On or about July 8, 2023, the previous owner sold the Vehicle to Plaintiff. The Vehicle was purchased to be used primarily by Plaintiff for household purposes. At all times, Plaintiff maintained rightful physical control of the Vehicle until taken by the Defendants.

16. At the time of purchase, there were no liens or other encumbrances on the Vehicle's title.

17. At some point, Defendant TitleMax considered the Vehicle's account with a previous owner to be in default and sought to take possession of the Vehicle even though any possessory interest had been extinguished.

18. Defendant TitleMax contracted with Defendant MVTrac to take possession of the Vehicle.

19. In turn, MVTrac contracted with Defendant One More Recovery to physically take possession of the Vehicle.

20. On August 29, 2023, agents for Defendant One More Recovery arrived to Plaintiff's home to take the Vehicle.

21. When Plaintiff saw the repossession agents attempting to take the Vehicle, she objected and stated that she did not have a loan with Defendant TitleMax and therefore there was no right to take the Vehicle. In addition, Plaintiff threatened to call law enforcement.

22. The repossession agents continued with the repossession over the Plaintiff's objection by stating the computer system showed TitleMax still had a right to the Vehicle, purportedly under the

previous owner's name. This continuation of the repossession over the Plaintiff's objection constitutes a breach of the peace.

23. After the repossession agents left with the Vehicle, Plaintiff contacted the previous owner and explained that Defendant TitleMax took the Vehicle due to a purported lien.

24. The previous owner contacted Defendant TitleMax and confirmed that there was no lien and the Vehicle should not have been taken.

25. The previous owner informed Plaintiff that Defendants had taken the Vehicle to an auction lot in Grand Prairie, Texas and would recover it.

26. Plaintiff attempted to contact the auction lot but the auction lot was unwilling to release any information except to the previous owner.

27. Eventually, with the help of the previous owner, Plaintiff was able to regain physical control of the Vehicle by traveling to the auction lot in Grand Prairie, Texas.

28. However, the Vehicle was damaged while in the possession of the Defendants. Namely, the "front end" of the Vehicle was damaged and the Vehicle did not operate in the same manner as before.

## COUNT ONE
## FDCPA CLAIM AGAINST DEFENDANT MVTRAC AND DEFENDANT ONE MORE RECOVERY

29. The Plaintiff adopts the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

30. The Defendant MVTrac and Defendant One More Recovery engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act.

31. Defendants took non-judicial action to attempt dispossession of the Vehicle without a present right of possession in violation of 15 U.S.C. § 1692f(6).

32. As a proximate cause of Defendants' conduct, the Plaintiff incurred out of pocket expenses, was deprived of the Vehicle, incurred damage to the Vehicle, lost time, and has suffered mental damages and the accompanying physical damages.

## COUNT TWO
## VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT AGAINST DEFENDANT TITLEMAX, DEFENDANT MVTRAC, AND DEFENDANT ONE MORE RECOVERY

33. The Plaintiff adopts the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

34. Defendants are debt collectors within the meaning of Tex. Fin. Code § 392.001(6).

35. Defendants, through their repossession agents, violated Tex. Fin. Code § 392.301(a)(8) by taking an action prohibited by law when it took the Vehicle without a present right.

36. As a proximate cause of Defendants' conduct, the Plaintiff incurred out of pocket expenses, was deprived of the Vehicle, incurred damage to the Vehicle, lost time, and has suffered mental damages and the accompanying physical damages.

## COUNT THREE
## CONVERSION AGAISNT DEFENDANT TITLEMAX, DEFENDANT MVTRAC, AND DEFENDANT ONE MORE RECOVERY

37. The Plaintiff adopts the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

38. Plaintiff owned and had immediate possession of the Vehicle and personal property.

39. The Defendants acquired the Vehicle wrongfully and without a right.

40. The Defendant did not have a present and immediate right of possession of the Vehicle and/or the personal property at the time of repossession.

41. Without the Plaintiff's consent, the Defendants intentionally deprived the Plaintiff of her rightful possession of the Vehicle and exercised unlawful control over the Vehicle.

42. At all times relevant hereto, the Defendants acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of the Plaintiff.

43. As a proximate cause of Defendants' conduct, the Plaintiff incurred out of pocket expenses, was deprived of the Vehicle, incurred damage to the Vehicle, lost time, and has suffered mental damages and the accompanying physical damages.

## COUNT FOUR
## NEGLIGENCE CLAIM AGAISNT DEFENDANT TITLEMAX, DEFENDANT MVTRAC, AND DEFENDANT ONE MORE RECOVERY

44. The Plaintiff adopts the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

45. By taking the Vehicle, Defendants owed a duty to Plaintiff to ensure it was reasonably cared for and not damaged.

46. Defendants breached the duty to Plaintiff by damaging the Vehicle while in their control.

47. As a proximate cause of Defendants' conduct, the Plaintiff incurred out of pocket expenses, was deprived of the Vehicle, incurred damage to the Vehicle, lost time, and has suffered mental damages and the accompanying physical damages.

## AMOUNT OF DAMAGES DEMANDED

Plaintiff demands a judgment against the Defendants as follows:

48. Compensatory and punitive damages against the Defendants;

49. Remedies available under the FDCPA, including statutory damages, costs, and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k; and,

7

50. Remedies available under cited Texas law, including statutory damage, costs and attorneys' fees and any other compensatory damages; and,

51. Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35203
(205) 378-8121
jch@jch-law.com