**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MICHELLE NOLAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:24-cv-02213-N |
| v. ) | |
| ) | |
| TITLEMAX OF TEXAS, INC.; ) | |
| MVCONNECT, LLC D/B/A MVTRAC; ) | |
| ONE MORE RECOVERY LLC, ) | |
| ) | |
| Defendants. ) | |

**TITLEMAX OF TEXAS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant TitleMax of Texas, Inc. ("TitleMax") hereby files its Answer and Affirmative Defenses to Plaintiff Michelle Nolan's ("Plaintiff") Complaint.

**ANSWER**

TitleMax denies the allegations in the Complaint unless expressly admitted in the following paragraphs. TitleMax's specific responses to the numbered allegations of the Complaint are stated in the below numbered paragraphs, and the headings below correspond to the headings used by Plaintiff in the Complaint.

**PARTIES**

1.  TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 pertaining to Plaintiff's residency, citizenship, former name, and age and, therefore, denies them. The remainder of Paragraph 1 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax denies the remaining allegation in Paragraph 1.

1

2.     TitleMax admits that it is a Delaware corporation that is registered to do business and does business in the state of Texas, including in this judicial district. TitleMax also admits that it may recover and dispose of collateral securing a loan after customer does not fulfil his or her obligations under their Loan Agreement. TitleMax denies that it "is in the business of consumer automobile loans," as alleged in Paragraph 2. The remainder of Paragraph 2 states alleged legal conclusions to which no answer is required. To the extent that they require an answer, TitleMax denies the remaining allegation in Paragraph 2.

3.     Paragraph 3 states alleged legal conclusions to which no answer is required. To the extent that they require an answer, TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, denies them.

4.     Paragraph 4 states alleged legal conclusions to which no answer is required. To the extent that they require an answer, TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies them.

## JURISDICTION AND VENUE

5.     Paragraph 5 states alleged legal conclusions to which no answer is required. To the extent that they require an answer, TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, denies them.

## FACTUAL ALLEGATIONS
### Defendants' Business Model

6.     TitleMax admits the allegations in Paragraph 6.

7.     In response to Paragraph 7, TitleMax admits only that the agreement with MVTRAC provides that MVTRAC will provide certain services related to locating and recovering vehicles, subject to its terms and conditions. TitleMax avers that the provisions of the agreement with MVTRAC speak for themselves and denies all allegations inconsistent with those provisions.

8. TitleMax admits that it pays MVTRAC a specified amount per vehicle recovered. TitleMax denies the remaining allegations in Paragraph 8.

9. On information and belief, TitleMax admits the allegations in Paragraph 9.

10. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, denies them.

11. Paragraph 11 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax denies the allegations in Paragraph 11.

12. TitleMax admits the allegations in Paragraph 12.

### Facts Specific to This Case

13. TitleMax admits that it obtained a security interest in the Vehicle in 2016. TitleMax also admits that it recorded its security interest on the Vehicle's title. TitleMax denies that it "finance[ed] a loan with a previous owner of the Vehicle," as alleged in Paragraph 13. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and, therefore, denies them.

14. TitleMax is actively investigating the allegations made by Plaintiff. At this time, TitleMax denies that the loan was actually "paid off/satisfied in full" on or about April 24, 2024, as alleged in Paragraph 14. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and, therefore, denies them. .

15. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies them.

16. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies them.

17. Paragraph 17 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies them.

18. TitleMax denies the allegations in Paragraph 18.

19. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies them.

20. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies them.

21. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies them.

22. Paragraph 22 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies them.

23. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies them.

24. TitleMax admits that its customer contacted it following recovery of the Vehicle. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24, as written, and, therefore, denies them.

25. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies them.

26.     TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies them.

27.     TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies them.

28.     TitleMax denies the allegations in Paragraph 28.

## COUNT ONE
## FDCPA CLAIM AGAINST DEFENDANT MVTRAC AND DEFENDANT ONE MORE RECOVERY

29.     In response to Paragraph 29, TitleMax incorporates its responses to Paragraphs 1 through 28 above.

30.     Paragraph 30 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, Paragraph 30 is not directed toward TitleMax. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies them.

31.     Paragraph 31 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, Paragraph 31 is not directed toward TitleMax. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies them.

32.     Paragraph 32 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, Paragraph 32 is not directed toward TitleMax. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies them.

## COUNT TWO
## VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT
## AGAINST DEFENDANT TITLEMAX, DEFENDANT MVTRAC,
## AND DEFENDANT ONE MORE RECOVERY

33. In response to Paragraph 33, TitleMax incorporates its responses to Paragraphs 1 through 32 above.

34. Paragraph 34 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax denies the allegations in Paragraph 34.

35. Paragraph 35 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax denies the allegations in Paragraph 35.

36. Paragraph 36 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax denies the allegations in Paragraph 36.

## COUNT THREE
## CONVERSION AGAINST DEFENDANT TITLEMAX, DEFENDANT
## MVTRAC, AND DEFENDANT ONE MORE RECOVERY

37. In response to Paragraph 37, TitleMax incorporates its responses to Paragraphs 1 through 36 above.

38. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies them.

39. Paragraph 39 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies them.

40. Paragraph 40 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies them.

41. Paragraph 41 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies them.

42. Paragraph 42 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax denies the allegations contained in Paragraph 42.

43. Paragraph 43 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax denies the allegations contained in Paragraph 43.

## COUNT FOUR
## NEGLIGENCE CLAIM AGAINST DEFENDANT TITLEMAX, DEFENDANT MVTRAC, AND DEFENDANT ONE MORE RECOVERY

44. In response to Paragraph 44, TitleMax incorporates its responses to Paragraphs 1 through 43 above.

45. Paragraph 45 states an alleged legal duty to which no answer is required. To the extent that it requires an answer, TitleMax denies the allegations contained in Paragraph 45.

46. Paragraph 46 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax denies the allegations contained in Paragraph.

47. Paragraph 47 states an alleged legal conclusion to which no answer is required. To the extent that it requires an answer, TitleMax denies the allegations contained in Paragraph 47.

## AMOUNT OF DAMAGES DEMANDED

In response to the section titled "Amount of Damages Demanded," including Paragraphs numbered 48 through 51, such section does not contain allegations requiring a response. To the

extent any response is required, however, TitleMax denies all allegations set out in said section, including without limitation any allegation, express or implied, that the Plaintiff is entitled to any judgment or relief (including but not limited to any relief requested in Paragraphs 48 through 51) in her favor.

## **AFFIRMATIVE DEFENSES**

Without admitting any fault, TitleMax alleges and asserts the following affirmative defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. TitleMax reserves the right to amend this Answer, including asserting additional defenses as discovery progresses or as allowed by the Court.

### **FIRST AFFIRMATIVE DEFENSE**
### **(General Denial)**

TitleMax denies each and every allegation of Plaintiff's Complaint not specifically admitted above.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

Some or all of Plaintiff's claims fail because Plaintiff fails to state any claim upon relief upon which the Court can grant relief against TitleMax.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Bona Fide Error)**

Any actions shown on the part of TitleMax, to the extent that Plaintiff can show they were improper, were unintentional, and resulted from bona fide errors on the part of Defendants notwithstanding the maintenance of procedures reasonably adopted by Defendants, so that Plaintiff is not entitled to the remedies and damages she now seeks pursuant to 15 U.S.C. § 1692k(c) and Tex. Fin. Code § 392.401.

### FOURTH AFFIRMATIVE DEFENSE
### (No Threats or Coercion)

Count Two of Plaintiff's Complaint fails to state a claim for which the Court can grant relief because TitleMax took no action involving threats, coercion, or attempts to coerce in which it threatened to take any action prohibited by law, as Tex. Fin. Code § 392.301(a)(8) requires.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Some or all of Plaintiff's claims fail because to the extent Plaintiff has been damaged, she failed to mitigate any such damages.

### SIXTH AFFIRMATIVE DEFENSE
### (Superseding and Intervening Conduct)

Some or all of Plaintiff's claims fail because any damages Plaintiff sustained are the result of a superseding or intervening causes not under the direction or control of TitleMax and for which TitleMax cannot be held liable.

### SEVENTH AFFIRMATIVE DEFENSE
### (Damages Caused by Plaintiff or Others)

If Plaintiff suffered any damages, TitleMax's conduct was not the cause in fact nor the proximate cause of those alleged damages. Rather, the conduct of Plaintiff and/or others was the superseding and/or actual cause of any loss or damage alleged by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Duty Owed or Breached)

Some or all of Plaintiff's claims fail because TitleMax owed no duty to Plaintiff or, in the alternative, that if any such duty was owed, TitleMax satisfied such duty.

### NINTH AFFIRMATIVE DEFENSE
### (Contributory Negligence/Comparative Fault)

Plaintiff's claims are barred in whole are in part by operation of Tex. Civ. Prac. & Rem.

Code § 33.003 and all parties' and third parties' respective percentage of responsibility.

## TENTH AFFIRMATIVE DEFENSE
### (Tex. Civ. Prac. & Rem. Code §§ 33.003, 33.012, and 33.013(a))

Should TitleMax be held liable to Plaintiff—such liability is specifically denied—such liability must be reduced pursuant to Tex. Civ. Prac. & Rem. Code §§ 33.003, 33.012, and 33.013(a).

## ELEVENTH AFFIRMATIVE DEFENSE
### (Offset and/or Settlement Credit)

Should TitleMax be held liable to Plaintiff—such liability is specifically denied—TitleMax would be entitled to offset or satisfaction for the total of all amounts paid to Plaintiff from other collateral sources, including, but not limited to other, settling defendants pursuant to Tex. Civ. Prac. & Rem. Code § 33.012. TitleMax requests that any verdict in this case be reduced by the stipulated amount of any agreement or in the amount of consideration paid, whichever is greater, pursuant to § 33.012. TitleMax also requests that Plaintiff provide notice of the existence and amount of any such collateral payments so that TitleMax can supplement this defense.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Malicious or Reckless Conduct)

TitleMax committed no act or omission that was malicious, oppressive, deliberate, willful, wanton, reckless, or grossly negligent, nor did it act with evil motive or reckless indifference to Plaintiff's rights, safety, or economic interests and, thus, any award of punitive damages is barred.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Willful or Knowing Conduct)

TitleMax committed no act or omission that was willful or knowing nor committed any willful or knowing statutory violation.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Compliance with Law and Regulation)

Plaintiff's claims are barred in whole or in part because TitleMax has substantially complied with any and all applicable statutes, regulations, and/or laws.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel, Promissory Estoppel, Consent, Waiver, and/or Acquiescence)

Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, promissory estoppel, consent, waiver, and/or acquiescence.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, or her claims for recovery are limited, in whole or in part, by the doctrine of unclean hands.

## RESERVATION OF RIGHTS

TitleMax reserves the right to assert any additional defenses as they become known through discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant TitleMax of Texas, Inc. prays for the following relief:

A.  A judgment in favor of TitleMax denying Plaintiff all relief requested in the Complaint with prejudice;

B.  An award to TitleMax of its attorneys' fees and costs for prevailing against Plaintiff's Complaint; and

C.  Such other and further relief as this Court deems just and proper.

Dated: October 15, 2024						Respectfully submitted,

**FROST BROWN TODD LLP**

By:	*/s/ T. Ray Guy*
	T. Ray Guy, Texas Bar No. 08648500
	rguy@fbtlaw.com
	Daniella G. Johner, Texas Bar No. 24103460
	djohner@fbtlaw.com

2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 545-3472
Facsimile: (214) 545-3473

AND

**BERKOWITZ OLIVER LLP**

By:	*/s/ Anthony J. Durone*
	Anthony J. Durone (*pro hac vice forthcoming*)
	adurone@berkowitzoliver.com
	Carson M. Hinderks (*pro hac vice forthcoming*)
	chinderks@berkowitzoliver.com

2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888

***Attorneys for Defendant TitleMax of Texas, Inc.***

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of filing to all counsel of record.

/s/ T. Ray Guy
**T. RAY GUY**

0146962.0794704   4889-7145-8288v1